

# The Attorney General of Texas

May 31, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William P. Hobby
Lieutenant Governor of Texas
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Honorable Gib Lewis, Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Honorable Grant Jones, Chairman
Senate Finance Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Honorable Jim Rudd, Chairman
House Appropriations Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-323

Re: Whether interest on non-constitutional funds in state highway fund may be appropriated for general revenue purposes

Gentlemen:

You ask whether interest on non-constitutional funds in the state highway fund may be appropriated for general revenue purposes by rider to the General Appropriations Act.

Article VIII, section 7-a, of the Texas Constitution dedicates to highway purposes

> all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways. . . .

The interest on the motor vehicle registration fees and fuel taxes dedicated to highway purposes by article VIII, section 7-a, must also be used for highway purposes. A diversion of that interest to other purposes would violate article VIII, section 7 of the Texas Constitution. Lawson v. Baker, 220 S.W. 260 (Tex. Civ. App. - Austin 1920, writ ref'd); see also V.T.C.S. art. 2543d.

Article VIII, section 7-a, of the Texas Constitution does not actually establish a state highway fund, or refer to the fund by name. The fund was created by statutes which predate the adoption of article VIII, section 7-a, in 1946. See Tex. H.J.Res. 49, 49th Leg., 1945 Tex. Gen. Laws 1049. Article 6694, V.T.C.S., which derives from a 1917 statute, provides that

> [a]ll funds coming into the hands of the Com-
> mission derived from the registration fees or
> other sources provided for in this subdivision, as
> collected, shall be deposited with the State
> Treasurer to the credit of a special fund desig-
> nated as 'The State Highway Fund'. . . .

Acts 1917, 35th Leg., ch. 190, §23, at 424. Sections 153.503 through 153.505 of the Texas Tax Code allocate motor fuel taxes to the state highway fund. These provisions are the current codification of statutes enacted in 1941. Acts 1941, 47th Leg., ch. 184, art. XVII, §25 at 330. The approval of article VIII, section 7-a, in 1946 gave constitutional status to dedications of funds already required by statute.

There are statutory dedications of monies to the state highway fund which do not have constitutional status. Article 6673a, V.T.C.S., requires funds derived from the sale of excess land to be placed in the state highway fund. Federal aid money and county aid money is deposited in the state treasury to the credit of the state highway fund. V.T.C.S. art. 6674e. Article 6674f, V.T.C.S., provides for certain transfers of general revenue to the state highway fund.

The state highway fund therefore is not a constitutional fund in its entirety. It consists of funds dedicated to highway purposes by the constitution as well as funds statutorily required to be placed in the highway fund. It thus can be described as a collection of consti-tutional and non-constitutional funds. Only the constitutionally dedicated registration fees and motor vehicle fuel taxes are subject to the rule that interest must be spent for constitutionally authorized purposes. See V.T.C.S. art. 2543d; Lawson v. Baker, supra. The interest on state funds dedicated by statute to highway purposes may be legally severed and placed in the general revenue fund. See Gulf Insurance Co. v. James, 185 S.W.2d 966 (Tex. 1945) (article VIII, section 7, of Texas Constitution applies only to special funds created by the constitution, not by statutes); Attorney General Opinion MW-338 (1981); see also Brazos River Conservation & Reclamation District v. McCraw, 91 S.W.2d 665 (Tex. 1936) (article VIII, section 7, of the Texas Constitution does not apply to general revenue funds).

Article 2543d, V.T.C.S., severs the interest from the principal of non-constitutional funds placed in state depositories.

Section 1.   Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund. The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis.

Interest on constitutional funds must be credited to the constitutional fund and interest on trust funds must be credited to the trust fund. See Attorney General Opinions JM-306 (1984); MW-82 (1979); H-1040 (1977); M-468 (1969). Attorney General Opinion M-468 (1969) held that certain federal grant funds were trust funds, and that interest on them could not be transferred to general revenue but remained part of the trust fund.

Article 2543d, V.T.C.S., placed in the general revenue fund interest on certain monies in the state highway fund, i.e., those which are neither trust funds nor constitutionally dedicated revenues. The legislature may appropriate by rider interest which article 2543d, V.T.C.S., placed in the general revenue fund, so long as the rider is not inconsistent with general law. The validity of a particular rider depends on its only appropriating funds or limiting an item of appropriation. See Tex. Const. art. III, §35; Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975); Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946).

## S U M M A R Y

Interest earned on non-constitutional funds in the state highway fund may be appropriated for general revenue purposes.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

Honorable William P. Hobby
Honorable Gib Lewis
Honorable Grant Jones
Honorable Jim Rudd
Page 4     (JM-323)


DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood